In re: Jerry W. SMITH

New York Community Bank, Plaintiff–Appellant,

v.

Jerry W. Smith, Defendant–Appellee.

No. 07–4136–bk.

United States Court of Appeals, Second Circuit.

Dec. 16, 2008.

Gary M. Kushner, Esq., Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP, Mineola, N.Y., for Appellant.

Jerry W. Smith, pro se, Ossining, N.Y., for appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER, Circuit Judges, Hon. JOHN G. KOELTL, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant New York Community Bank ("NYCB") appeals from a judgment of the United States Court for the Southern District of New York (Robinson, *J.*), affirming an order of the United States Bankruptcy Court for the Southern District of New York (Hardin, *J.*) granting Jerry W. Smith's motion to reopen his bankruptcy case and ordering NYCB to refund the sum of $44,912.71 to Smith. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"In an appeal from a district court's review of a bankruptcy court's decision, we conduct an independent examination of the bankruptcy court's decision." *In re Flanagan,* 503 F.3d 171, 179 (2d Cir.2007) (citing *In re Bethlehem Steel Corp.,* 479 F.3d 167, 172 (2d Cir.2007)). We review the bankruptcy court's factual findings for clear error, and its legal conclusions *de novo. Id.* "The ultimate determination of whether or not to impose an equitable remedy ... is reviewed for abuse of discretion." *Id.* at 179–80 (citing *Adelphia Bus. Solutions, Inc. v. Abnos,* 482 F.3d 602, 607 (2d Cir.2007)). "However, legal determinations upon which the dispensation of equitable relief may depend are reviewed *de novo." Id.* at 180 (citing *In re*

*First Cent. Fin. Corp.,* 377 F.3d 209, 213 (2d Cir.2004)). A bankruptcy court's decision to reopen should not be disturbed absent an abuse of discretion, because that decision invokes the bankruptcy court's exercise of its equitable powers. *See In re Chalasani,* 92 F.3d 1300, 1307 (2d Cir. 1996).

A bankruptcy court has broad discretion to reconsider allowance or disallowance of proofs of claim under 11 U.S.C. § 502(j) "for cause." 11 U.S.C. § 502(j); *see also* Fed. R. Bankr.P. 3008. If reconsideration is granted, the court may allow or disallow the claim "according to the equities of the case." 11 U.S.C. § 502(j). Here, the bankruptcy court acted well within its discretion when it granted Smith's motion to reopen once it was brought to the court's attention that it had made a mathematical mistake with regard to the correct amount of NYCB's claim based on the inconsistent and unreliable figures supplied by NYCB. The bankruptcy court also acted within its discretion when it calculated the applicable interest rate by averaging the interest rates used in NYCB's proofs of claim. We have carefully considered NYCB's remaining arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.